## Polish National Union of America v. Lackawanna County

*Romwald Kenowski* and *A. C. F. Kenowski,* for petitioner.

*Philip V. Mattes,* county solicitor, for respondent.

HOBAN, P. J., October 29, 1954.—The petition shows that in 1937 the property in question was sold at sheriff's sale on execution process against one Delia Sopciak. Certain delinquent taxes for the years 1934, 1935 and 1936 were returned to the sheriff for collection and were duly paid from the proceeds of the sale. Delinquent taxes for the year 1933 were outstanding but were not returned or reported to the sheriff for collection at the sale of 1937. Plaintiff was the purchaser at the sale of 1937.

The 1933 delinquent taxes not having been paid in the year 1940 the county treasurer advertised and sold the land in question, which was bought at this sale by the Commissioners of Lackawanna County. The sale was confirmed finally, a treasurer's deed delivered and duly recorded. Plaintiff now moves to strike from the record the county treasurer's deed evidencing the sale to the county commissioners. The commissioners filed no answer to the petition but the county solicitor accepted service of the rule to show cause, appeared in court in opposition to the rule and filed a brief, in effect demurring to the petition.

The theory of plaintiff is that the lien of the taxes for 1933 was discharged by the sheriff sale because the available money should have been applied to the payment of these taxes if the same had been duly reported to the sheriff for collection. Therefore, there was no authorization for the treasurer's sale and delivery of the deed, and that this proceeding by petition and rule is really in substance a petition to correct the judicial records of this court and is not an effort to determine the title to real estate, which of course could not be done in proceedings on petition and rule. The theory of the county is that the treasurer's sale is a judicial process, its validity can only be attacked under the statute authorizing the sale on exceptions to the confirmation nisi, and that after final confirmation the validity of the sale cannot be attacked, unless by appropriate proceedings in ejectment or by an action to quiet title.

The rule to show cause must be discharged. We know of no precedent for attacking a treasurer's deed, after final confirmation of a treasurer's sale and due recording, by any such summary proceeding as this. Specific provision is made in the legislation governing treasurers' sales for delinquent taxes to question the legality of the tax for which the real estate was

sold; and the legislation further provides that a treasurer's deed passes "a good and valid title to the purchaser . . . in all respects as good and effective as if acquired by a sheriff's deed": Act of May 29, 1931, P. L. 280, as amended, 72 PS §5971. If as a matter of the law of conveyancing title in the county may be considered to be defective, it seems there is an appropriate remedy to adjudicate the matter in an action to quiet title. See Pa. R. C. P. 1061(b) (2) and (3).

Now, October 29, 1954, the rule to show cause why the county treasurer's deed should not be stricken from the record is discharged.